UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
2007 SEP 24 PM 3:43
U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

HENRY JAMES, 96-A-6480,

        Plaintiff,

-vs-

VICTOR HERBERT,
Lieutenant GILMORE,
GEORGE HELTZ and
KEVIN ARNONE,

        Defendants.

03-CV-0868E(Sr)

MEMORANDUM

and

ORDER[1]

## INTRODUCTION

Plaintiff, Henry J. James, an inmate at the Attica Correctional Facility at the time (now housed at Auburn Correctional Facility), commenced this action *pro se* on November 20, 2003 and on May 24, 2005 filed an Amended Complaint (Dkt. #29) pursuant to 42 U.S.C. §1983 against the Superintendent of the facility at the time and various corrections officers claiming excessive use of force by defendant George Heltz and deliberate indifference to his medical needs by defendant Kevin Arnone on May 24, 2002; excessive use of force by defendant James Gilmore on June 4, 2002; and deliberate indifference to plaintiff's safety by defendant Superintendent Victor Herbert for ignoring his request to be placed in protective custody in order to avoid further assaults by corrections officers. Presently before the Court is the summary judgment

---

[1]This decision may be cited in whole or in any part.

motion of defendants (Dkt. #44), filed on May 31, 2006, seeking dismissal of the claims against defendants Herbert and Arnone. In the Notice of Motion, defendants properly advised plaintiff of his obligations to respond to such motion and on June 6, 2006 the Clerk of the Court also sent plaintiff a Notice pursuant to *Irby v. NYC Transit Auth.*, 262 F.3d 314 (2d Cir. 2001), which details plaintiff's obligations to respond to the summary judgment motion and the potential consequences of a failure to respond. Plaintiff thrice requested and was granted extensions of time to file responding papers. However, as of August 25, 2006, when the motion was deemed submitted to the Court, plaintiff had not responded to the motion. The matter is now before the Court for decision.

## BACKGROUND AND FACTS

In his Amended Complaint, plaintiff claims that on May 24, 2002 he was assaulted by defendant Heltz wherein Heltz punched him in the back of the head while conducting a routine pat search, causing serious physical injury. Plaintiff claims that this was done by Heltz in retaliation for an earlier grievance plaintiff filed against Heltz. Plaintiff further claims that on May 25, 2002 he spoke with defendant Arnone and complained of experiencing severe head pain and dizziness and requested to go to the hospital. Plaintiff claims Arnone told him he had to wait for the evening shift sergeant to take him to the hospital. Plaintiff further contends that it was not until May 28, 2002 that he was able to attend a medical sick call which resulted in him suffering in pain for three (3) days before he got medical attention for his injuries from

the alleged assault by Heltz. Plaintiff also alleges an assault on June 4, 2002 by defendant Gilmore, the details of which are not germane to the instant motion except as they relate to the claim against defendant Herbert for failure to supervise, etc.

With respect to defendant Herbert, plaintiff claims that he was grossly negligent in managing Heltz, Gilbert and Arnone which allowed for the assaults and denial of medical attention to occur, that he was aware of Heltz's and Gilbert's propensity to assault inmates and did nothing to protect against it and was made aware of both assaults and the denial of medical treatment and did nothing to remedy it.

In the motion for summary judgment on the claims brought against defendant Arnone, defendants argue that plaintiff suffered from no serious medical condition, a necessary element in proving his deliberate indifference claim. In support of such, defendants submit facility medical records and a Declaration from the nurse on duty during the relevant time period indicating that plaintiff's condition was no more serious than a headache, that plaintiff did not seek follow-up treatment and was even a no-show for a subsequent sick call. Defendant Arnone also argues that plaintiff wholly failed to provide any evidence of the requisite state of mind.

With respect to summary judgment on the claims against defendant Herbert, it is urged there is a total lack of the requisite personal involvement and that respondeat superior is insufficient as a theory of liability.

As plaintiff has not responded to the motion or otherwise disputed defendants' Statement of Undisputed Facts (Dkt. #46), the Court accepts those facts as true and incorporates them herein by reference.

## DISCUSSION

The familiar standard for considering defendants' motion is as follows:

> "***[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998). A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs if the evidence is such that 'a reasonable [factfinder] could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir.1997). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987)."

*Beth Israel Medical Center v. Horizon Blue Cross and Blue of New Jersey, Inc.*, 448 F.3d 573, 579 (2d Cir. 2006); *see also GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 382 (2d Cir. 2006). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 313, 322 (1986).

*The Claim Against Arnone*

The essential elements of plaintiff's deliberate indifference claim against defendant Arnone are as follows. Plaintiff must first show that he suffered from an objectively serious medical condition for which he failed to receive attention. *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir. 1977). A serious medical condition exists if the failure to treat it "could result in further significant injury or the unnecessary and wanton infliction of pain". *Chance v. Armstrong*, 142 F.3d 698, 701 - 702 (2d Cir. 1998). Further, the alleged deprivation here — to wit, Arnone's declining to take him to the hospital on Friday evening and advising him to make the request to the morning shift, "must be, in objective terms, 'sufficiently serious'". *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995) (*"Hathaway I"*) (quoting *Wilson v. Seiter*, 501 U.S. 294 (1991). Second, plaintiff must demonstrate that Arnone's conduct which caused the delay in obtaining medical treatment subjectively constituted what is the equivalent of criminal recklessness. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (*"Hathaway II"*). Negligence, mistake or even incompetence will not establish a constitutional violation.

The Court has reviewed the evidence submitted herein and finds that plaintiff has failed to satisfy either of these elements. The undisputed facts establish that plaintiff's medical condition was not serious. The medical records indicate that

plaintiff sought treatment on May 28, 2002 for headache and dizziness, stating that he was hit in the head the previous Friday evening. His neurological check at that time was within normal limits, no bruises or marks were found and he was prescribed Tylenol for the pain. He was instructed to return if the pain did not improve. Thereafter, he failed to show up for a follow-up sick call on May 31, 2002 and the next time he sought treatment from the medical staff was on June 3, 2002 for a complaint of athlete's foot. The evidence submitted also shows that the delay in medical treatment was due to plaintiff's choice to stay in his cell for the weekend and wait for regular sick call opportunity rather than talk to the supervisors on the next shift as recommended by Arnone. Therefore the Court finds that there is no disputed question of fact that plaintiff did not suffer from a serious medical condition for which he failed to receive treatment and summary judgment will be awarded to defendant Arnone.

Notwithstanding, the undisputed evidence also fails to establish that Arnone's conduct, in any way, approached anything that could be considered recklessness. There is no evidence presented relating to Arnone's state of mind and plaintiff's deposition testimony recounting the interaction between them on the subject indicates that plaintiff never requested to go to the hospital and only mentioned that he needed medical attention. The recommendation was to speak with the supervisor at the next shift because he was the one who could appropriately address the allegation against the officer on that shift whom plaintiff claimed hit him. From this evidence, no reasonable trier of fact could conclude that Arnone was made aware that

a substantial risk of harm to plaintiff existed and that Arnone actually perceived such. Indeed, as found above, there was no such substantial risk of serious harm.

*The Claim Against Herbert*

Plaintiff's claims against Herbert, *construed liberally*, allege gross negligence in the management (supervision) of Gilmore, Heltz and Arnone, as well as knowledge of their unconstitutional acts and the failure to prevent harm to plaintiff or to remedy such harm. Herbert cannot be held liable for the conduct of Heltz, Arnone or Gilmore on a simple supervisory or *respondeat superior* theory. "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.2003) (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir.1989)). "The bare fact that [defendant Herbert] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Some sort of personal involvement or responsibility must be established before a supervisory official, such as Herbert, can be held liable for the constitutional violations of those he supervises. The requirements for establishing such personal involvement or responsibility are as follows:

> "Supervisor liability under § 1983 'can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent

>
> supervision of subordinates who committed a violation, or
> (5) failure to act on information indicating that unconstitutional acts were occurring.'"

*Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (*quoting Hernandez*, 341 F.3d at 145 (citing *Al-Jundi*, 885 F.2d at 1065) (*and citing Colon*, 58 F.3d at 873)). Plaintiff has not alleged that Herbert participated in any of the alleged conduct of Gilmore, Arnone and Heltz, or that he created a policy or custom that effectively sanctioned their conduct. His allegation that Herbert was aware of the complained of conduct, and was aware of Heltz's and Gilmore's propensity to assault inmates and did nothing to remedy or protect could implicate methods two (2), four (4)[2] or five (5) above.

Plaintiff has presented no evidence that Herbert failed to remedy a wrong after being informed through a report or appeal or failed to act on information indicating that unconstitutional acts were occurring, as plaintiff has not presented any evidence that Herbert ever received any complaints about Heltz or Gilmore assaulting inmates or Arnone denying inmates medical attention. There is simply no evidence presented that Herbert knew or was made aware of any of the conduct of which plaintiff alleges in the Amended Complaint. While, at his deposition, plaintiff testified that he "cc'd a copy of [his] medical letter to [Herbert]", he did not provide any evidence of such letter or that it was actually sent or received. Regardless, this Court has already held

---

[2] The negligence standard of method four (4) requires plaintiff to establish that Herbert's failure to supervise or train was so severe so as to reach the level of "gross negligence" or "deliberate indifference" to the deprivation of plaintiff's constitutional rights. *See Turpin v. Mailet*, 591 F.2d 426 (2d Cir. 1979).

that the alleged denial of medical attention by Arnone did not constitute a constitutional claim. He also vaguely testifies that he "complained about" Heltz, but provides no evidence of such complaint or any possible resolution of such. Such conclusory allegations are clearly insufficient to create a question of fact regarding Herbert's involvement with the alleged actions of his co-defendants. Further, plaintiff has presented no evidence concerning Herbert's management or training of any of the co-defendants. Hence, there is no evidence from which a factfinder could evaluate or construe gross negligence. Hence, summary judgment will be granted to Herbert with respect to the claims brought against him.

## CONCLUSION

For the reasons stated above, defendants' motion (Dkt. #44) is granted in its entirety and the claims against defendants Herbert and Arnone are hereby dismissed with prejudice.

DATED:   Buffalo, N.Y.

   September 24, 2007

_____
JOHN T. ELFVIN
S.U.S.D.J.