**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**HENRY JAMES, 96-A-6480,**

                **Plaintiff,**

    **-v-**                                          **03-CV-0868(Sr)**

**LIEUTENANT GILMORE, et al.,**

                **Defendants.**

---

**DECISION AND ORDER**

Plaintiff Henry James, proceeding *pro se*, has submitted a request (Dkt. #71), that the Clerk of the Court issue fourteen (14) blank subpoenas to him for purposes of securing the appearance of certain witnesses for the trial of this matter which is scheduled to commence on March 17, 2009. Plaintiff has also submitted a separate request (petition) for this Court to issue two Writs of Habeas Corpus Ad Testificandum for each of his inmate witnesses for purposes of securing their appearance and testimony during trial (Dkt. #85).[1] A Final Pretrial Conference was held on February 2, 2009, wherein the parties discussed with the Court the witnesses that plaintiff seeks to have testify during the trial. In addition to certain witnesses employed by the New York State Department of Correctional Services, plaintiff has requested that

---

[1] Procedurally, before this Court may issue Writs of Habeas Corpus Ad Testificandum for inmate witnesses, this Court must first direct the Clerk of the Court to provide plaintiff with blank subpoenas. Plaintiff must then return the partially completed subpoenas to the Clerk of the Court along with the U.S. Marshal service forms and thereafter, the U.S. Marshal, pursuant to this Order, must serve the subpoenas. Provided that the inmate witnesses agree to testify and there is no motion to quash filed, this Court will issue the appropriate Writs of Habeas Corpus Ad Testificandum.

the following witnesses testify during the trial: Kevin Jones, DIN 98-A-4300[2]; Dr. Richard Wurzel; Ulbaldo Romero, DIN 02-A-1716[3]; and Frank Kleineisel.  *See Jackson v. Brinker*, 1992 WL 404537 (S.D.Ind. Dec. 21, 1992) ("[A] district court may, in its discretion, screen an indigent's subpoena requests and, under certain circumstances, relieve the Marshals Service of their statutory duty to make service.").

Plaintiff's requests (Dkt. ## 71 and 85) are granted consistent with the directives set forth below and the Court will direct the U.S. Marshals Service to serve the subpoenas by certified mail.  Subpoenas to non-parties are governed by Rule 45 of the Federal Rules of Civil Procedure.  Rule 45(a)(3) provides that the clerk of the court shall issue a signed but blank subpoena to a party requesting it, who is responsible for completing the subpoenas before service.  Fed. R. Civ. P. 45(a)(3).  The service of a subpoena is governed by Rule 45(b), which states, in pertinent part:

> (1) A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.

Fed. R. Civ. P. 45(b)(1).  What Rule 45(b) means by "delivering a copy thereof" is not

---

[2] Plaintiff's Witness List (Dkt. #72, p.6) identifies the witness as Kevin Jones, DIN 98-A-4300, however, plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum identifies the witness as Kevin Jones, DIN 98-A-3400.  In a separate Text Order, this Court has requested the proper identification of Kevin Jones and has further directed plaintiff to submit a brief statement (proffer) of Mr. Jones' anticipated trial testimony. The Court will issue a separate Order concerning whether Kevin Jones shall be permitted to testify during the trial and if necessary, direct the Clerk of the Court to supply plaintiff with a blank subpoena.

[3] Plaintiff's Witness List (Dkt. #72, p.6) identifies this witness as Ulbaldo Romero, DIN 02-A-1716, however, plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum identifies this witness as Ubaldo Romero DIN 02-A-1716.

settled.  A number of courts have held that the language of Rule 45 requires personal service.  *See, e.g., Agran v. City of New York*, 1997 WL 107452 (S.D.N.Y. Mar. 11, 1997); *In re Smith*, 126 F.R.D. 461 (E.D.N.Y. 1989); *Benford v. American Broadcasting Cos., Inc.*, 98 F.R.D. 40 (D.Md. 1983); *Application of Johnson & Johnson*, 59 F.R.D. 174 (D.Del. 1973).  However, other courts, including some within the Second Circuit, have held that service by mail may be appropriate.  *See, e.g., Cordius Trust v. Kummerfeld*, 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000) (granting application for service of subpoena duces tecum upon third party witness by certified mail); *King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y. 1997) (upholding service of subpoena by mail to third party witness's home); *Doe v. Hersemann*, 155 F.R.D. 630 (N.D.Ind. 1994); *In re Shur*, 184 B.R. 640 (Bankr. E.D.N.Y. 1995).  The courts that have upheld service by mail have not found any requirement in the language of Rule 45(b)(1) that mandates personal service.  *Cordius Trust,* 2000 WL 10268, at *2*; King*, 170 F.R.D. at 356.

Plaintiff cannot attempt to serve third party subpoenas by regular mail because a party may not effect service himself under Rule 45. *See, e.g., Windsor v. Martindale*, 175 F.R.D. 665, 671 (D. Col. 1997).  However, plaintiff has been granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[4]  Based on that grant, service of the complaint was handled by the U.S. Marshals Service without payment of costs under the provisions of 28 U.S.C. § 1915(d), which provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such

---

[4] Plaintiff was granted permission to proceed *in forma pauperis* by the order filed February 10, 2004. Dkt. #3.

cases." Notwithstanding the permission granted to plaintiff to proceed *in forma pauperis*, because Congress has not authorized courts to pay an indigent litigant's witness fees, this Court will instruct plaintiff that he shall be responsible for the payment of witness fees and any necessary travel expenses, where appropriate. *Malik v. Lavalley*, 994 F.2d 90 (2d Cir. 1993). Service by mail by the U.S. Marshals Service is a variation of service, and due to limited staff and budget constraints, certified mail is used for service by the U.S. Marshals Service on many pleadings because it provides a fair and economical means of serving process and has been found to comply with the Due Process Clause. *See In re Shur*, 184 B.R. at 643; *Windsor,* 175 F.R.D. at 670.

      Accordingly, the court hereby directs the Clerk of the Court to issue three[5] blank subpoenas (to be used for witnesses, Dr. Richard Wurzel, Ulbaldo (Ubaldo) Romero, DIN 02-A-1716 and Frank Kleineisel) to plaintiff Henry James, and to send them to him together with the copy of this order and the correct number of U.S. Marshals Service forms to obtain service of the subpoenas. Plaintiff is directed to fill in only the front of the subpoenas with respect to the documents sought from each provider. Plaintiff must then submit the subpoenas to the Court with the completed U.S.

---

[5] Subject to plaintiff's compliance with this Court's prior Orders concerning witness Kevin Jones and provided that this Court concludes that a trial subpoena shall issue for Kevin Jones, the Court will separately issue an Order for the issuance of a trial subpoena for Kevin Jones.

Marshals Service forms for the subpoenas.  Upon receipt, the Clerk of the Court is directed to cause the U.S. Marshals Service to serve the subpoenas by certified mail.

**SO ORDERED**.

Dated:       Buffalo, New York
             February 4, 2009

                                        **s/ H. Kenneth Schroeder, Jr.**
                                        H. KENNETH SCHROEDER, JR.
                                        United States Magistrate Judge