**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**HENRY JAMES, 96-A-6480,**

                              **Plaintiff,**                              03-CV-0868(Sr)

**v.**

**LIEUTENANT GILMORE and**
**GEORGE HELTZ,**

                              **Defendants.**

---

## DECISION AND ORDER

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including entry of judgment. Dkt. #66. This matter is set for a jury trial before the undersigned on March 17, 2009. Currently before the Court are three motions *in limine* filed by defendants. Dkt. #80-2. For the reasons set forth below, defendants' motions are denied.

<u>Plaintiff's Criminal Convictions</u>

Defendants seek an order permitting the use of plaintiff's criminal convictions and the sentences plaintiff is serving to impeach plaintiff. Dkt. #80-2. Specifically, defendants seek to elicit plaintiff's 1996 convictions for Attempted Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree

and plaintiff's indeterminate sentence of 6 to 20 years.[1]  Dkt. #80-2, pp.2-4.  By Text Order issued on January 28, 2009 and again during the final pretrial conference held on February 2, 2009, plaintiff was ordered to respond to defendants' motions *in limine* by February 6, 2009.  Dkt. ##83-84.  To date, the Court has not received plaintiff's response.

Federal Rule of Evidence 609 governs the admissibility of a criminal conviction for impeachment purposes.  Specifically, Rule 609(a)(1) provides that for purposes of attacking the character for truthfulness of a witness, evidence that the witness has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year and if the court determines that the probative value of admitting the evidence outweighs the prejudicial effect.  Here, plaintiff's convictions for Attempted Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree are punishable by a term of imprisonment in excess of one year.  However, this Court is of the opinion that the nature of plaintiff's convictions is unduly prejudicial and irrelevant for purposes of resolving the issues in this case, *to wit*, whether defendants' use of force against plaintiff was excessive.

---

[1] Although plaintiff's convictions are more than ten years old, Federal Rule of Evidence 609(2) provides that the time limit which precludes the admission of certain convictions, is calculated as ten years from the date of conviction or the release of the witness from confinement imposed for the conviction, whichever is later.  Because plaintiff is still serving his sentence for his 1996 convictions, the time limit set forth in Rule 609(2) does not independently preclude the admissibility of plaintiff's convictions.

-2-

In balancing probative value against prejudicial effect under Federal Rule of Evidence 403, this Court must examine the following factors: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F.Supp. 245, 250 (S.D.N.Y. 1997), *citing*, 4 *Weinstein's Federal Evidence* § 609.04[2][a] at 609-20 (1997) and *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977). Defendants argue that the impeachment value of the crime supports the relief sought. Dkt. #80-2, pp.2-4. This Court disagrees. By reason of the nature of the claims alleged in the amended complaint, *to wit*, excessive use of force by two employees of the New York State Department of Correctional Services while plaintiff was housed at the Attica Correctional Facility, the jury will know that plaintiff is incarcerated. Moreover, the details of plaintiff's convictions and sentences for Attempted Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree are not probative of plaintiff's veracity.

Although the time limits set forth in Federal Rule of Evidence 609(2) do not independently preclude the admissibility of plaintiff's convictions, plaintiff's convictions for attempted murder and criminal possession of a weapon are thirteen years old and can properly be considered remote. With respect to the similarity between the past crimes and the conduct at issue, simply stated and for obvious reasons, there is no similarity whatsoever. Finally, with respect to the importance of the credibility of the witness, there can be no doubt that determining plaintiff's credibility, as

well as defendants' credibility, will be an important task that falls squarely within the province of the jury.  It is expected that plaintiff, as well as defendants, will testify during the trial of this matter and therefore, the jury will have every opportunity to assess the credibility of each party.  To allow defendants to use plaintiff's convictions for Attempted Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree for impeachment purposes would be inherently prejudicial.  Thus, contrary to defendants' assertions, the prejudicial effect of permitting defendants to use plaintiff's convictions for purposes of impeachment far outweighs any probative value of admitting the evidence.  Accordingly, defendants' motion *in limine* for an order permitting the use of plaintiff's convictions for impeachment purposes is denied.

Defendants' Prior Actions

In a second motion *in limine*, defendants seek an order precluding plaintiff from seeking to introduce and/or eliciting testimony regarding previous lawsuits and/or complaints against defendants.  As a threshold matter, defendants' motion presumes that plaintiff will seek to introduce such evidence or elicit such testimony during the trial of this matter.  The general principles of whether character evidence may be admissible and under what circumstances are set forth in Federal Rule of Evidence 404(a) and (b).  Rule 404(a) provides that "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."  Rule 404(b) provides that prior act evidence "is not admissible to prove the character of a person in order to show action in conformity therewith", but "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b); *see generally*, *Hynes v. Coughlin*, 79 F.3d 285 (2d Cir. 1996).  In reliance on these general principles, defendants assert that plaintiff should not be permitted to introduce evidence of "other instances of excessive force in order to characterize defendants as violent, assaultive people who are prone to using excessive force on inmates."  Dkt. #80-2, p.4.

As noted above, the Court has not received plaintiff's response to defendants' motions *in limine*.  Moreover, with the exception of defendants' preemptive motion concerning the above-described character and/or prior act evidence, the Court has not received any indication from plaintiff that he intends to offer such evidence or elicit such testimony during the trial of this matter.  Accordingly, the Court finds that a decision on defendants' motion *in limine* with respect to character and/or prior act evidence would be premature at this juncture and defendants' motion *in limine* is denied, without prejudice, as not yet ripe for a judicial determination.  The Court will, however, entertain a discussion of this issue during the Final Pretrial Conference scheduled for March 2, 2009 at 10:30 a.m. and if necessary, render a decision at that time.

Testimony About Causation of Plaintiff's Injuries

In its third and final motion *in limine*, defendants seek an order precluding the plaintiff from "testifying or introducing any evidence or testimony about causation of any of the alleged injuries (including, but not limited to, blurry vision; alleged

neurological problems; or any other claims of lingering trauma) he suffered as the result of defendants' action." Dkt. #80-2, p.6. Defendants rely on several Second Circuit and District Court decisions, including a recent decision by the Honorable William M. Skretny in *Ventura v. Sullivan*, 01-CV-434, as support for the proposition that the connection between the alleged use of force and the alleged injuries is not of a kind that would be obvious to a layman and further, that expert testimony of causation is required. Dkt. #80-2, pp.6-10. Moreover, defendants contend that because plaintiff did not disclose any expert testimony that he intends to offer to establish that the alleged injuries were caused by the alleged force used on May 24, 2002 and June 4, 2002, that any such testimony by plaintiff should be precluded. This Court finds that defendants' reliance on the cited cases, including, Judge Skretny's Decision and Order in *Ventura v. Sullivan* is misplaced.

As a threshold matter, defendants erroneously conclude that the connection between defendants' alleged use of force and plaintiff's alleged injuries is not one that would be obvious to a layman. The Court acknowledges that courts within the Second Circuit have held that medical testimony is often required "because the medical effect on the human system of the infliction of injuries is generally not within the sphere of common knowledge of the lay person." *McNeal v. National Railroad Passenger Corp.*, 2008 WL 3851816, *7 (N.D.N.Y. Aug. 15, 2008), *citing*, *Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999). However, the Second Circuit has also noted that, for example, "the causal link ... between hearing loss and repeated

exposure to noise so loud that it causes physical pain or ear-ringing is, as we have noted, widely known and, so far as we are aware, not the subject of scientific dispute. *Tufariello v. Long Island R. Co.*, 458 F.3d 80, 89 (2d Cir. 2006). Moreover, the Second Circuit further stated, "[i]t is, indeed, not so very far from the connection between 'a broken leg' and 'being struck by an automobile,' the example used by the *Simpson* court as an instance in which expert testimony is unnecessary." *Id*., *citing*, *Simpson v. Northeast Ill. Regional Commuter R.R. Corp.*, 957 F.Supp. 136, 137-38 (N.D.Ill. 1997).

In his Pretrial Statement (Dkt. #72), plaintiff claims that as a result of a punch to the back of the head by defendant Heltz on May 24, 2002, he suffered severe head pain. Plaintiff further claims that as a result of a strike to the right side of plaintiff's face, "which landed in the right eye and above the right eye of plaintiff" by defendant Gilmore on June 4, 2002, he suffered swelling and injury to the area above his right eye, exacerbation of his prior head pain and inner eye pain. Plaintiff further maintains that he was treated for head and eye pain by specialists and given numerous medications during "the next few years". Thus, plaintiff claims that his physical injuries described above were caused by the actions of defendant Heltz (May 24, 2002) and defendant Gilmore (June 4, 2002). Whether defendants' actions could have caused plaintiff's head and eye injuries are certainly issues that can and should be decided by the jury, without the aid of expert testimony. Accordingly, defendants' third motion *in limine* is denied.

**CONCLUSION**

For the foregoing reasons, defendants' motion *in limine* with respect to plaintiff's criminal convictions is **DENIED**, defendants' motion *in limine* with respect to defendants' prior actions is **DENIED**, without prejudice, because it is not yet ripe for judicial determination and defendants' motion *in limine* with respect to plaintiff's anticipated testimony concerning causation is **DENIED**.

       **SO ORDERED.**

DATED:     Buffalo, New York
              February 20, 2009

                                            **s/ H. Kenneth Schroeder, Jr.**
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**